UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

UNITED STATES OF AMERICA,                    06 Cr. 718 (CM)

    -against-                                      Affirmation

HURGENES PIGNARD,

    Defendant.

----------------------------------------------------------------x

    THEODORE S. GREEN, an attorney admitted to practice in this court, affirms under penalty of perjury pursuant to 28 U.S.C. 1746, as follows:

    1. On October 16, 2007, I was appointed by this Court pursuant to the Criminal Justice Act to represent Hurgenes Pignard, replacing prior assigned counsel.

    2. The defendant is charged with a conspiracy to commit robbery and substantive robbery counts, plus a weapon-possession count pursuant to 18 USC 924(c). The charges center around alleged attempts to rob financial institutions. In one instance, overt acts are alleged to have taken place in Spring Valley, New York, on February 3, 2005. In the other instance, overt acts are alleged to have taken place on April 20, 2005, in Loch Sheldrake, New York.

    2. On or about November 1, 2007, I mailed to Assistant United States Attorney John P. Collins, Jr., a letter constituting a combined demand for discovery and for a bill of particulars. A copy of that letter is annexed hereto as Exhibit A. At Item 19 of the discovery demand (pp. 4-5), I requested greater specifics on a prior *Brady* disclosure made by the government. In its disclosure, the government revealed that a participant in the April 20, 2005, attempted bank robbery was unable

1

PDF created with pdfFactory trial version www.pdffactory.com

to identify the defendant from a photo array. Accordingly, I requested further specifics aimed at understanding what role this witness had in the attempted robbery, what contacts he or she had with other participants and what opportunities to observe and physical descriptions this person provided as to other participants. This information is necessary to assessing the import of the government's *Brady* disclosure.

3. In that same letter, I also requested, at page 5, a number of particulars as to the identities of known alleged conspirators and any identifying information available as to unknown alleged conspirators, a statement of the role allegedly had by each participant in the offense conduct, the exact address of the overt acts alleged as to the April 20, 2005, incident and a statement of any words allegedly uttered by defendant in the course of the alleged criminal transactions.

4. To date, the people have not responded to the aforementioned demands.

5. Annexed hereto as Exhibit B is a copy of a search warrant, the supporting application and the return or inventory of property seized pursuant thereto. For the reasons set forth in the accompanying memorandum of law, we contend that the warrant fails to set forth probable cause to justify a search of the apartment for evidence of drug dealing and, moreover, that the police exceeded the scope of the warrant by seizing evidence not authorized by the warrant.

6. Submitted herewith is a sworn declaration from the defendant establishing his standing to contest any entry into and search of the aforementioned apartment.

WHEREFORE, on the foregoing grounds and for the reasons set forth in the accompanying legal memorandum, the relief sought herein should be granted.

Dated:     White Plains, New York
           November 16, 2006           s/ Theodore S. Green
                                       THEODORE S. GREEN

PDF created with pdfFactory trial version www.pdffactory.com