**Green & Willstatter**
ATTORNEYS AT LAW
200 MAMARONECK AVENUE
SUITE 403
WHITE PLAINS, NEW YORK 10601

THEODORE S. GREEN                        (914) 948-5656
RICHARD D. WILLSTATTER            FAX (914) 948-8730

November 1, 2006

JOHN P. COLLINS, JR., ESQ.
Assistant United States Attorney
300 Quarropas Street
White Plains, New York   10601

       Re:    United States v. Hurgenes Pignard
               06 Cr.
               Demand for Discovery and
               for Bill of Particulars

Dear Mr. Collins:

    On behalf of my client, I request that you provide the following items of discovery relating to the above-captioned matter, to the extent not already furnished to the defense:

    1.    Any relevant oral, written or recorded statements alleged to have been made by the defendant including but not limited to the original notes of the agents and other law enforcement officials concerning any such statements and including notes or other recordings, or the substance of, any statements made during proffer sessions with the government.

    2.    All books, papers, documents, photographs, tangible objects, buildings or places in the possession of the government which are material to the preparation of the defense or are intended for use by the government on its case in chief or were obtained from any defendant, including but not limited to:

           a.    all items allegedly obtained from the defendant or any other source, including an opportunity to examine, inspect and copy:

                i.    every item physically seized from the defendant;

1

PDF created with pdfFactory trial version www.pdffactory.com

      ii. any items of physical evidence which were seized by law enforcement officials or anyone cooperating with said officials from the defendant or from his home, or any vehicle or places of business;

b. specify whether you intend to offer in evidence any property seized from the defendant, his homes or places of business as well as from any vehicles;

c. in the event the government has tape recordings, please designate the tape or tapes which you intend to play at trial on the government's case in chief;

d. provide a copy of all transcripts of any tapes;

e. if any of the tapes has been "enhanced", please provide a copy of the enhanced tape and any reports of the person or agency who worked on such enhancement;

f. all search warrants, search warrant applications and returns sought and/or obtained by law enforcement officials relating to the acts alleged in the complaint and/or indictment as well as the transcripts of all search warrant application proceedings;

g. all electronic eavesdropping applications, affidavits, and orders for interception of communications over the telephone or otherwise;

h. all videotapes, videostills, photographs, or motion pictures obtained by law enforcement officials in this case, including surveillance photographs and images downloaded from or stored on computers;

i. the original notes or summaries of all law enforcement officials concerning this case;

j. any record of telephone, pager and/or facsimile transmissions;

k. any tape recordings of conversations between government confidential informant(s) and/or any other cooperating witnesses or law enforcement officials or undercover officers and the defendant

2

PDF created with pdfFactory trial version www.pdffactory.com

or co-conspirators not already disclosed;

    l.    any photo arrays, photo spreads or photographs of line-ups or records relating to conducting of any sort of identification procedure by law enforcement relating to this case; please also indicate by time, place and manner, all identification procedures, whether photographic, corporeal or other, conducted in this case;

    m.    The daily log sheets of any interceptions and the report(s) provided by you or another designated Assistant United States Attorney pursuant to any judicial order for electronic eavesdropping.

    n.    Any financial records the government has obtained from the defendant or those financial institutions utilized by the defendant.

    3.    Provide a copy of any results and reports of physical or mental examinations and/or scientific tests or experiments, including but not limited to the original reports and notes of any experts who examined or tested any physical evidence relating to the crimes which are the subject of this case.

    4.    Provide a written summary of testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case in chief at trial describing the witnesses' opinions, the bases and the reasons therefore, and the witnesses' qualifications;

    5.    Specify any items of physical evidence which the government intends to offer in evidence on its case in chief;

    6.    All promises, understandings, or agreements whether oral or in writing between the prosecution and its agents and persons the government intends to call as witnesses, including any agreements that such persons will be permitted to remain in the United States in exchange for their cooperation with this or any other prosecution;

    7.    Any efforts on the part of the government and its agents to aid or obtain any benefits for persons the government intends to call as witnesses;

    8.    Any threat whether made orally or in writing to a prospective government witness by any law enforcement official or prosecutor which could arguably be developed on cross examination;

PDF created with pdfFactory trial version www.pdffactory.com

9. All requests or complaints made to the government by a witness which could arguably be developed on cross examination to demonstrate any hope or expectation on the part of the witness for favorable governmental action or which is reflective of any bias in favor of the government;

10. Any material or information which is reflective of any bias or hostility of any witness against the defendants or any other material impeachment evidence;

11. Any evidence that a prosecution witness was suffering from any physical or mental disability, emotional disturbance, drug addiction or alcoholism;

12. Any lie detector reports, whether oral or written, relating to tests administered to a prosecution witness;

13. Any evidence of prior bad acts and/or criminal conduct - state, federal or foreign - of any prosecution witness and a copy of such person's criminal history records;

14. The pay received by any confidential informants or cooperating witnesses the government expects to call as witnesses, including payments to or on behalf of family members of the witnesses;

15. Any evidence showing the informants were paid in cash by the government or its agents;

16. Any contracts or agreements with the informants showing that they were promised a commission for each targeted individual prosecuted;

17. Any instructions - whether oral or in writing - to the informants concerning the laws of entrapment;

18. Whether the government intends to offer any evidence pursuant to Rule 404(b) and identifying any such evidence as well as the theory under which the government intends to offer it;

19. Any material that is required to be disclosed as tending to exculpate the accused or impeaching the credibility of a prosecution witness within the meaning of Brady v. Maryland, 373 U.S. 83 (1963). In particular, at page 2 of your September 19, 2006, discovery letter, you indicate that a participant in the April 20, 2005, attempted bank robbery was unable to identify Pignard from a photo array. Please provide more specific information about this, including: what role did this participant

4

PDF created with pdfFactory trial version www.pdffactory.com

have in the attempted robbery, what contacts this person had with the other participants and what opportunities this person had to observe the other participants. Please also indicate what physical descriptions this person provided as to the other participants.

## BILL OF PARTICULARS

Pursuant to Fed. R. Crim. P. 7(f), please provide the following particulars:

1. Please provide the identities of all persons you contend are known conspirators and any identification information available to you of persons you contend are unknown conspirators.

2. Identify the role each participant had, respectively, in the incidents of February 3, 2005, and April 20, 2005, alleged in the indictment.

3. State the exact address on Divine Corners Road where the events alleged in the indictment took place.

4. State any words allegedly uttered by defendant during the course of the alleged criminal transactions.

Very truly yours,

THEODORE S. GREEN

PDF created with pdfFactory trial version www.pdffactory.com