1845 359 4563   ORANGETOWN POLICE   04:45:53 p.m.   08-25-2006   1/54

SEARCH WARRANT
C.P.L. ARTICLE 690

STATE OF NEW YORK: COUNTY OF ROCKLAND
JUSTICE COURT: VILLAGE OF PIERMONT

To any Police Officer of the:

Village of Piermont Police Department,
478 Piermont Avenue,
Piermont, New York

Town of Orangetown Police Department,
One Police Plaza
Dutch Hill Road,
Orangeburg, New York

Town of Clarkstown Police Department,
20 Maple Avenue,
New City, New York

Rockland County Sheriff's Department
New Hempstead Road, New City, New York

YOU ARE HEREBY directed to search:

THE PREMISES KNOWN AND DESCRIBED AS:

The apartment is located at 60 Route 9W, Apartment B2, Piermont, New York. 60 Rte. 9W, Apt. B2, Piermont, New York, is located in building B in Piermont Commons, also known as Diplomat Gardens. Building B is a tan, stucco, multiple family dwelling apartment building on the northeast section of the property known to be 60 Rte. 9W, Piermont Commons, also known as Diplomat Gardens. The multiple dwelling apartment building B has a brown front door. Apartment B2 is located in the south hallway of building B on the first floor. Apartment B has a brown front door with the number "2" on the center of the door. Apartment B is a two-bedroom duplex apartment;

1

04:45:53 p.m.   08-25-2006   1/54

PDF created with pdfFactory trial version www.pdffactory.com

1845 359 4563    ORANGETOWN POLICE    04:46:12 p.m.    08-25-2006    2 /54

FOR THE FOLLOWING PROPERTY:

Cocaine; United States Currency and financial records representing proceeds of drug trafficking; documents relating to or recording drug transactions; books, records, receipts, banking documents, safe deposit box receipts or keys, summaries, notes and documents relating to the negotiation, purchase, transportation and distribution of drugs; drug paraphernalia, including, but not limited to, packaging materials, scales, pipes and materials used to grow and process marihuana plants; evidence of residency, occupancy and/or ownership of premises and locations described in the warrant, including, but not limited to telephone and utility bills, canceled checks, keys, and rental agreements;

IF ANY SUCH PROPERTY IS FOUND, you are directed to seize the same and, without unnecessary delay, return and deliver to this court such property together with this warrant.

THIS WARRANT MAY BE EXECUTED between the hours of 6 A.M. and 9 P.M.

THIS SEARCH WARRANT IS ISSUED THIS 24th DAY OF AUGUST, 2006 -12:40 PM

*Laura G Weiss*
HON. LAURA WEISS
JUSTICE COURT JUDGE

2

PDF created with pdfFactory trial version www.pdffactory.com

SEARCH WARRANT - APPLICATION
C.P.L. 690.35

STATE OF NEW YORK: COUNTY OF ROCKLAND
JUSTICE COURT: VILLAGE OF PIERMONT

Brian Holihan, a detective with the Village of Piermont Police Department, 478 Piermont Avenue, New York,

Does hereby make application for a search warrant pursuant to the provisions of Article 690 of the Criminal Procedure Law and in connection therewith states as follows:

First: That there is reasonable cause to believe that certain property, of a character described in Section 690.10, subdivision 2, 3 and 4 of the Criminal Procedure Law, to wit:

Cocaine; United States Currency and financial records representing proceeds of drug trafficking; documents relating to or recording drug transactions; books, records, receipts, banking documents, safe deposit box receipts or keys, summaries, notes and documents relating to the negotiation, purchase, transportation and distribution of drugs; drug paraphernalia, including, but not limited to, packaging materials, scales, pipes and materials used to grow and process marihuana plants; evidence of residency, occupancy and/or ownership of premises and locations described in the warrant, including, but not limited to telephone and utility bills, canceled checks, keys, and rental agreements;

May be found in or upon the following designated or described place, vehicle or person, to wit:

**The apartment is located at 60 Route 9W, Apartment B2, Piermont, New York.** 60 Rte. 9W, Apt. B2, Piermont, New York, is located in building B in Piermont Commons, also known as Diplomat Gardens. Building B is a tan, stucco, multiple family dwelling apartment building on the northeast section of the property known to be 60 Rte. 9W, Piermont Commons, also known as Diplomat Gardens. The multiple dwelling apartment building B has a brown front door. Apartment B2 is located in the south hallway of building B on the first floor. Apartment B has a brown front door with the number "2" on the center of the door. Apartment B2 is a two-bedroom duplex apartment.

Second: The following allegations of fact are submitted in support of the above statement and are based upon personal knowledge or information and belief as set forth below:

1. I, Brian Holihan, am the applicant herein. I am a Detective with the Piermont Police Department and have been employed as a police officer for twenty-two years. Approximately five of these years have been as a detective. Pursuant to my present assignment with the Piermont Police Department, my responsibilities include the gathering of intelligence with regard to marihuana and narcotics in the Village of Piermont. Throughout my tenure in law enforcement, I have been involved with approximately one hundred investigations involving marihuana and

1

PDF created with pdfFactory trial version www.pdffactory.com

1845 359 4563    ORANGETOWN POLICE                04:47:04 p.m.    08-25-2006    4 /54

narcotics. As such, I am familiar with the terminology and methodology employed by those involved in illegal marihuana and narcotic activity, including the packaging and selling of marihuana and narcotics and its appurtenant record keeping. Moreover, I am familiar with all intelligence gathered by members of the Piermont Police Department as it pertains to apartment B2, located at 60 Rte. 9W, Piermont, New York.

2. There is probable cause to believe that Cocaine; United States Currency and financial records representing proceeds of drug trafficking; documents relating to or recording drug transactions; books, records, receipts, banking documents, safe deposit box receipts or keys, summaries, notes and documents relating to the negotiation, purchase, transportation and distribution of drugs; drug paraphernalia, including, but not limited to, packaging materials, scales, pipes and materials used to grow and process marihuana plants; evidence of residency, occupancy and/or ownership of premises and locations described in the warrant, including, but not limited to telephone and utility bills, canceled checks, keys, and rental agreements as described herein, are being possessed by persons currently residing and/or occupying apartment B2, located at 60 Rte. 9W, Piermont, New York.

3. Upon information and belief, I submit the following facts as outlined below. All facts are submitted upon personal observation unless otherwise noted.

4. On August 23, 2006, at approximately 10:00 A.M., I was informed by Chief Thomas Gaynor of the Piermont Police Department, that an arrest warrant was to be executed in Piermont Commons, on August 24, 2006, for Hurgens Pignard, date of birth of October 7, 1970. Hurgens Pignard was indicted by a federal grand jury on August 23, 2006. At approximately 4:30 p.m. on August 23, 2006 I was informed by Police Officer Cyril Kerr of the Piermont Police Department that the arrest warrant had officially been issued for Hurgens Pignard, and the arrest warrant for Hurgens Pignard was to be executed by the Federal Bureau of Investigation, with the assistance of the Orangetown Police Department, and the Piermont Police Department on August 24, 2006, at approximately 6:00 a.m.

5. On August 24, 2006, at approximately 6:10 a.m. the arrest warrant was executed on Hurgens Pignard at 60 Rte. 9W, apartment B2. I, along with Police Officer John Dowd of the Piermont Police Department, and members of the F.B.I Swat Team, were posted outside, on the east side of building B, watching apartment B2, from the parking lot below. While the arrest warrant was being executed, I observed Hurgens Pignard punch a hole through a closed screen of a second floor bedroom window in apartment B2, from the inside. I observed an item fall from this second floor bedroom window. I observed Officer John Dowd recover the item that was thrown to the ground by Hurgens Pignard, and I packaged the item in an evidence bag. I then observed Officer John Dowd take custody of this item, and give the item to Police Officer Ken Marren of the Piermont Police Department. I was informed by Officer Marren that he then conducted a NIK field test on the recovered item, at the Piermont Police Department. Officer Marren then informed

PDF created with pdfFactory trial version www.pdffactory.com

me that the recovered item tested positive for cocaine. I was informed the cocaine was then placed into evidence at the Piermont Police Department.

6. Once the area of apartment B2 was secure, I, along with Police Officer Cyril Kerr, Officer John Dowd, and Officer Ken Marren entered apartment B2, and secured the apartment as a crime scene. I observed two individuals inside apartment B2, who were known to the officers of the Piermont Police Department as Edward Castro and Sonia Pignard, Hurgens Pignard's relative and wife. In the apartment I observed zip lock baggies, commonly used to package and distribute narcotics and marihuana, on the second floor of apartment B2, as well as several CD discs, and notebooks.

7. Based on my training and experience in drug investigations, the above-described activity is consistent with an ongoing narcotics trafficking operation.

8. A search of Bureau of Criminal Investigation records, along with courts records shows that Hurgens Pignard was convicted of Criminal Possession of a Controlled Substance in the Fourth Degree on July 15, 2003. On January 10, 2003 at approximately 11:30 a.m., Spring Valley Police Department stopped Hurgens Pignard's vehicle in the Spring Valley Marketplace. Pignard began to struggle with the officers when they tried to search his right pocket of his jacket. Inside of Pignard's right pocket of his jacket was a bag containing over 1/8 ounce of cocaine and two tin foil packets containing cocaine. Pignard gave consent for officers to search his home. The officers found a scale and packaging materials inside Pignard's bedroom. Pignard also stated twice to the officers that he deals cocaine to pay his bills. Pignard was sentenced to five years felony probation, as well as thirty days Sheriff's Work Release.

9. Based upon my experience, such locations as described above may contain Cocaine; United States Currency and financial records representing proceeds of drug trafficking; documents relating to or recording drug transactions; books, records, receipts, banking documents, safe deposit box receipts or keys, summaries, notes and documents relating to the negotiation, purchase, transportation and distribution of drugs; drug paraphernalia, including, but not limited to, packaging materials, scales, pipes and materials used to grow and process marihuana plants; evidence of residency, occupancy and/or ownership of premises and locations described in the warrant, including, but not limited to telephone and utility bills, canceled checks, keys, and rental agreements;

10. Based on the foregoing, it is respectfully submitted that there is probable cause to believe the above described location, apartment B2, located at 60 Rte. 9W, Piermont, New York, contains Cocaine; United States Currency and financial records representing proceeds of drug trafficking; documents relating to or recording drug transactions; books, records, receipts, banking documents, safe deposit box receipts or keys, summaries, notes and documents relating to the negotiation, purchase, transportation and distribution of drugs; drug paraphernalia,

PDF created with pdfFactory trial version www.pdffactory.com

including, but not limited to, packaging materials, scales, pipes and materials used to grow and process marihuana plants; evidence of residency, occupancy and/or ownership of premises and locations described in the warrant, including, but not limited to telephone and utility bills, canceled checks, keys, and rental agreements;

11. Wherefore, the applicant requests that this court issue a search warrant directing a search for and a seizure of, the above described property in or upon the above described or designated place, and a search of any persons present thereat or therein.

12. It is not requested that the executing officers be permitted to execute said warrant without giving notice of authority and purpose, nor outside daytime hours.

13. It is requested that the officer executing the warrant be permitted to enter between the hours of 6:00 a.m. and 9:00 p.m.

_____
CHIEF of POLICE

Subscribed and Sworn to
before me this 24th day of
August, 2006

_____
Detective Brian Holihan

4

PDF created with pdfFactory trial version www.pdffactory.com

# PIERMONT POLICE DEPARTMENT

478 PIERMONT AVENUE * PIERMONT, NEW YORK 10968

PHONE: 845-359-0240, FAX: 845-359-1046, COURT: 845-359-1258

SEARCH WARRANT INVENTORY

LOCATION: 60 ROUTE 9W, APT. B2

DATE EXECUTED: 08/24/2006  TIME: 1255 HRS

## ITEMS
PAGE 1

1. $400.00 US CURRENCY (ONE $20 BILL COUNTERFEIT)
   MASTER BEDROOM/UNDER CARPET (PO DOWD)

2. $132.00 US CURRENCY (TWO $50, ONE $20, ONE $10 COUNTERFEIT)
   MASTER BEDROOM CLOSET IN BEIGE JACKET (PO DOWD)

3. 18 TINS CONTAINING COCAINE AND 3 TINS WITH COCAINE RESIDUE
   MASTER BEDROOM (UNDER WINDOW AND SHELF) IN TAN SHORTS (PO O'LEARY)

4. 1 BLACK NEOPRENE MASK
   ROLLED UP IN AIR MATTRESS, IN PLASTIC BAG, UNDER WINDOW AND SHELF (PO O'LEARY)

5. 1 PAIR OF TAN SHORTS
   MASTER BEDROOM UNDER WINDOW AND SHELF (PO O'LEARY)

6. 1 PAIR OF LATEX GLOVES
   2ND FLOOR HALLWAY CLOSET (PO KERR)

7. 1 RED PURSE CONTAINING NUMEROUS SMALL PLASTIC BAGS
   MASTER BEDROOM HANGING ON OUTSIDE OF CLOSET DOOR (PO DOWD)

8. 1 HOSPITAL SCRUB SHIRT/1 HOSPITAL MASK
   MASTER BEDROOM CLOSET (PO DOWD)

9. 1 "NYPD" BASEBALL HAT
   LIVING ROOM CLOSET (PO O'LEARY)

10. MISC PERSONAL PAPERS (O&R BILL/PAYMENT NOTICE)
    2ND BEDROOM (PO KERR)

11. MISC JEWELRY

PDF created with pdfFactory trial version www.pdffactory.com

MASTER BEDROOM ENT. CTR. (PO O'LEARY)

Page 2

12. MISC JEWELRY IN "TIFFANY" BAG
    MASTER BEDROOM DRESSER (PO O'LEARY)

13. 1 YELLOW METAL RING IN POUCH W/ WHITE POWDER RESIDUE
    MASTER BEDROOM DRESSER (DET HOLIHAN)

14. 45 METAL RINGS IN VHS TAPE CASE
    MASTER BEDROOM ENT. CTR. (PO O'LEARY)

15. GREEN METAL BOX CONT. MISC DRUG PARAPHERNALIA
    MASTER BEDROOM SHELF (PO O'LEARY)

16. MISC PERSONAL PAPERS (TELEPHONE RECORDS)
    MASTER BEDROOM CLOSET (PO KERR)

17. MONEY ORDER RECEIPTS
    LIVING ROOM ENT. CTR. (PO KERR)

18. "SCARFACE" PICTURE
    MASTER BEDROOM WALL (DET HOLIHAN)

RESPECTFULLY SUBMITTED

*[signature]*

DET BRIAN HOLIHAN #24

PDF created with pdfFactory trial version www.pdffactory.com