```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------x

UNITED STATES OF AMERICA,                   06 Cr. 718 (CM)

        -against-

HURGENES PIGNARD,

            Defendant.

--------------------------------------x
```

REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S PRE-TRIAL MOTIONS

```
                        THEODORE S. GREEN
                        Attorney for Defendant
                        GREEN & WILLSTATTER
                        200 Mamaroneck Avenue - Suite 403
                        White Plains, New York   10601
                        (914) 948-5656


TO:  JOHN P. COLLINS, JR., ESQ.
     Assistant U.S. Attorney
     300 Quarropas Street
     White Plains, New York   10601
     (914) 993-1936
```

PDF created with pdfFactory trial version www.pdffactory.com

This memorandum is submitted in reply to the government's answer to defendant's pre-trial motions.

In opposing our motion to controvert the search warrant the government has submitted an affidavit from Detective Brian Holihan, who contends that the plastic baggies referred to in his warrant application were revealed during a search of a purse to which Mr. Pignard's wife allegedly consented.

Detective Holihan alleges that, prior to his inspecting the red purse, Mrs. Pignard "retrieved" it from some unspecified location and allegedly revealed its contents to the detective after he warned her that she could not take it with her until he had an opportunity to inspect the contents. Yet, the later-filed search warrant inventory reveals that the "red purse containing numerous small plastic bags" was recovered by Police Officer Dowd "hanging on outside of closet door" (see Search Warrant Inventory in Exhibit B to defense motions). It does not make sense that Detective Holihan, after allegedly seeing Mrs. Pignard "retrieve" the purse and disclosing its contents to him, would then return it to the place where it was hanging on the closet door to be found there by Officer Dowd. At a bare minimum, this claim ought to be explored at an

1

PDF created with pdfFactory trial version www.pdffactory.com

evidentiary hearing.

Further, Detective Holihan seeks to justify the seizure of items not specified in the warrant by alleging that he relied on information of Pignard's participation in other robberies that the Orangetown Police Department gave to the Piermont Police Department, which Orangetown, in conjunction with the FBI had learned through an investigation. This information is presented in conclusory form, without setting forth the basis of knowledge supporting a belief by these other agencies that Pignard actually was a participant in those crimes.

Under the "totality of the circumstances" test of *Illinois v. Gates*, 462 U.S. 213 (1983), police may rely on hearsay information supplied by fellow officers, but, in reviewing such reliance, a reviewing court should consider circumstances relating to "the 'veracity' and basis of knowledge' of persons supplying hearsay information[.[" 462 U.S. at 238. Thus, while *Gates* made "basis of knowledge" a factor in probable-cause analysis (as opposed to an essential prong of such analysis), in a case such as this, "basis of knowledge" is critical to determining whether Detective Holihan had justification for exceeding the scope of the warrant.

The difficulty here is that the validity of the

2

PDF created with pdfFactory trial version www.pdffactory.com

information supporting a belief that Pignard was involved in other crimes as to which the seized items had evidentiary value is dependent on the basis of knowledge possessed by the agencies that informed the Piermont police.  The Orangetown police and the FBI could not have based their suspicions of Pignard on personal observation that he had committed a crime – *cf. United States v. Ventresca*, 380 U.S. 102, 110-111 (1965); rather, they could only have gotten that information from some other source, which is not identified in Holihan's affidavit.  Accordingly, there is no way to assess either the reliability or the basis of knowledge of the information source relied on by the FBI and Orangetown police.  Detective Holihan only sets forth the belief of those other agencies in conclusory form and, accordingly, his allegations are insufficient to support a finding that the seized items not mentioned in the warrant could be justified based on their immediately apparent incriminating nature.

Rule 404(b) Issue

Finally, it appears from the government's response that various items of evidence seized from the apartment are not claimed by the government to relate to the crimes charged in

3

PDF created with pdfFactory trial version www.pdffactory.com

this indictment but to uncharged crimes – to wit, an uncharged drug offense and other, uncharged robberies. As such, it is the defense position that – apart from the Fourth Amendment suppression question – evidence seized from the apartment which the government claims relates to uncharged crimes must be excluded on relevance grounds and because its prejudicial affect would outweigh its probative value. FRE 403.

To this end, we note that the defense, in its November 1, 2006, discovery letter, demanded that the government inform us "[w]hether the government intends to offer any evidence pursuant to Rule 404(b) and identifying any such evidence as well as the theory under which the government intends to offer it[.]" (Exhibit A to defense motions, p. 4, ¶18). The government has not yet responded to this demand. Accordingly, inasmuch as any FRE 404(b) issues ought to be resolved before trial, we submit that the government should be directed to timely respond so that any such issues can be fully litigated.

PDF created with pdfFactory trial version www.pdffactory.com

CONCLUSION

FOR THE REASONS SET FORTH HEREIN, THE RELIEF SOUGHT IN DEFENDANT'S NOTICE OF MOTION SHOULD BE GRANTED

Dated:   White Plains, New York
         January 26, 2007

                                        Yours, etc.,

                                        s/ Theodore S. Green
                                        _____
                                        THEODORE S. GREEN   TG 1884
                                        *Attorney for Defendant*
                                        GREEN & WILLSTATTER
                                        200 Mamaroneck Ave., Suite 403
                                        White Plains, New York 10601
                                        (914) 948-5656

TO:  JOHN P. COLLINS, JR. ESQ.
     Assistant U.S. Attorney
     300 Quarropas Street
     White Plains, New York   10601

PDF created with pdfFactory trial version www.pdffactory.com