UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

UNITED STATES OF AMERICA,                S1 06 Cr. 718 (CM)

      -against-                                Affirmation

HURGENES PIGNARD,

      Defendant.

----------------------------------------------------------------x

    THEODORE S. GREEN, an attorney admitted to practice in this court, affirms under penalty of perjury pursuant to 28 U.S.C. 1746, as follows:

    1. On October 16, 2007, I was appointed by this Court pursuant to the Criminal Justice Act to represent Hurgenes Pignard, replacing prior assigned counsel.

    2. The government has recently filed a superceding indictment for which Mr. Pignard is scheduled to be arraigned February 28, 2007. This Court had, at the last conference, set a motion schedule with respect to any new issues raised by this superceding indictment. A copy of the superceding indictment is annexed as Exhibit A.

    3. In the original indictment, the defendant was charged with a conspiracy to commit robbery of financial institutions (Count One), two substantive counts alleging attempts to rob financial institutions (Counts Two and Three) and a count of use and carrying of a firearm during and in relation to a crime of violence (Count Four). The time periods for the conspiracy is alleged to be December 2004 to May 2005. The dates for the commission of the substantive offenses are alleged to be February 3, 2005, and April 20, 2005. The first four counts of the superceding indictment

PDF created with pdfFactory trial version www.pdffactory.com

essentially track counts one through four of the original indictment[1]. However, the superceding indictment adds a fifth count alleging that on August 24, 2006, the defendant "intentionally and knowingly did distribute and possess with intent to distribute a controlled substance, to wit, mixtures and substances containing a detectable amount of cocaine." 21 U.S.C. §§812, 841(a)(1) and (b)(1)C).

4. Based on my review of discovery materials previously provided to me by the government as well as the pleadings from both sides in connection with the previously-litigated motion to suppress, it is clear that Count Five is based upon the allegation that, at the time of the defendant's arrest on August 24, 2006, cocaine was found both inside the defendant's apartment and discarded from a window of the apartment. As the Court is aware from the litigation of the prior motion to suppress, on August 24, 2006, agents from the Federal Bureau of Investigation, assisted by the Orangetown and Piermont Police Departments, arrested Mr. Pignard, pursuant to a federal arrest warrant, in connection with the bank robbery and weapon charges that are before the Court.

5. After Mr. Pignard was arrested and removed from the premises, a Piermont police detective applied for a warrant to the Village of Piermont Justice Court. It was the later search pursuant to this warrant that is alleged to have yielded a quantity of cocaine from inside Mr. Pignard's residence which, in addition to the quantity of cocaine he is alleged to have thrown from the window just prior to arrest, forms the basis for the charge in Count Five.

6. According to a report provided to the defense by the government prepared by the New York State Police Mid Hudson Crime Laboratory, the substances seized on August 24, 2006,

---

[1] Count One of the superceding indictment includes an additional overt act not charged in the original indictment.

PDF created with pdfFactory trial version www.pdffactory.com

included a plastic bag containing 5.94 grams of cocaine hydrochloride, a foil packet containing 0.54 grams of cocaine hydrochloride, three foil packets containing residue as to which no analysis was conduted and 17 foil packets containing chunky white powder as to which no analysis was conducted. A copy of the report is annexed as Exhibit B.

    7. For the reasons more fully set forth in the accompanying memorandum of law, Count Five is misjoined with the other counts as a matter of law because Count Five and the remaining counts are not "of the same or similar character", nor are they "based on the same act or transaction" nor are they "connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Alternatively, and in addition, joinder of the aforementioned counts would prejudice the defendant within the meaning of Fed. R. Crim. P. 14(a).

    WHEREFORE, on the foregoing grounds and for the reasons set forth in the accompanying legal memorandum, the relief sought herein should be granted.

Dated:    White Plains, New York
            February 26, 2007

                          s/ Theodore S. Green
                          THEODORE S. GREEN

PDF created with pdfFactory trial version www.pdffactory.com