```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------x

UNITED STATES OF AMERICA,                    S1 06 Cr. 718 (CM)

         -against-

HURGENES PIGNARD,

              Defendant.

-------------------------------------x




                MEMORANDUM OF LAW IN SUPPORT OF
                DEFENDANT'S MOTION FOR SEPARATE TRIALS




                                THEODORE S. GREEN
                                Attorney for Defendant
                                GREEN & WILLSTATTER
                                200 Mamaroneck Avenue - Suite 403
                                White Plains, New York   10601
                                (914) 948-5656




TO:  JOHN P. COLLINS, JR., ESQ.
     Assistant U.S. Attorney
     300 Quarropas Street
     White Plains, New York   10601
     (914) 993-1936
```

PDF created with pdfFactory trial version www.pdffactory.com

This memorandum is submitted in support of the motion of Hurgenes Pignard for separate trials with respect to Count Five of the superceding indictment and the remaining counts. The facts set forth in the accompanying motion papers and the prior proceedings are incorporated herein.

ARGUMENT

POINT I

> SEPARATE TRIALS ARE REQUIRED BECAUSE COUNT FIVE IS MISJOINED WITH THE OTHER COUNTS PURSUANT TO RULE 8(a); ALTERNATIVELY, AND IN ADDITION, A JOINT TRIAL OF ALL COUNTS WOULD PREJUDICE DEFENDANT PURSUANT TO RULE 14(a)

Fed. R. Crim. P. 8(a) provides that

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Offenses may be joined if they have a "sufficient logical connection" to one another, United States v. Ruiz, 894 F.2d 501, 505 (2d Cir. 1990), or "where the same evidence may be used to prove each count," United States v. Blakney, 941 F.2d

1

PDF created with pdfFactory trial version www.pdffactory.com

114, 116 (2d Cir. 1991); see United States v. Amato, 15 F.3d 230, 236-37 (2d Cir. 1994) (gun count was properly joined with RICO, loansharking and murder counts where evidence was "interconnected and overlapping:); Blakney, 941 F.2d at 116 (drug and gun charges were properly joined where defendant "was selling both commodities to the same customers"); Ruiz, 894 F.2d at 505 (perjury and false statement counts all related to state senator's "extra-senatorial activities" through same nonprofit corporation); but see United States v. Tubol, 191 F.3d 88, 95 (2d Cir. 1999) (two robbery counts improperly joined where crimes involved "distinctly different methods" and "distinctly different victims").  Further, the government cannot prevail on a joinder claim by reliance on speculation that counts are "connected". United States v. Halper, 590 F.2d 422, 429 (2d Cir. 1978) (government could not support joinder of fraud and tax evasion counts by claiming that Medicaid fraud scheme produced the funds that defendant failed to report on personal income tax returns; "[c]ommission of one of the offenses neither depended upon nor necessarily led to the commission of the other; proof of the one act neither constituted nor depended upon proof of the other.").

In the present case, the drugs which form the basis of

PDF created with pdfFactory trial version www.pdffactory.com

Count Five are alleged to have been seized in the course of and following the execution of a federal arrest warrant against Pignard for conspiracy to rob financial institutions. The charges which were the subject of that arrest warrant had nothing to do with the possession or distribution of drugs. The conspiracy in Count One is alleged to have ended in May 2005, some 15 months prior to the seizure of the cocaine alleged in Count Five, and the substantive robbery counts are alleged to have occurred even earlier – in February and April 2005. The seizure of the drugs was merely a fortuitous event that occurred during execution of the warrant, triggered by Pignard allegedly discarding a quantity of cocaine out of a window of his residence. The followup investigation on the drugs was carried out by the Piermont police, whose involvement in the execution of the Federal warrant was merely that of a backup. Thus, it was the Piermont police, not the FBI, who applied for a search warrant to the local village justice and it was the local police who executed the warrant which, the police allege, yielded the additional quantities of cocaine that are included in Count Five.

While it is our understanding that the government may try to offer at trial in connection with the robbery-related counts

3

PDF created with pdfFactory trial version www.pdffactory.com

other items seized during the August 24, 2006, search (an offer we will, in any event, oppose), that is not a sufficient basis for joinder, for it does not go to the sameness or connectedness of the counts but is merely a function of coincidence.  Moreover, this case is not analogous to those authorities which suggest, for example, that where "weapons and drugs are found during the same search, joinder of a weapons offense with drug charges is proper under Rule 8(a)."  United States v. Montes-Cardenas, 746 F.2d 771, 777 (11th Cir. 1984); *cited in* United States v. Feola, 651 F.Supp. 1068, 1120-1121 (SDNY 1987).  Those authorities seem to rely on the idea that firearms are "tools of the trade" for drug traffickers, Feola, id., and even that reasoning has been observed to suffer from a "gap in logic." Feola, at 1121.  Regardless of the viability of that reasoning, it simply has no application to Pignard's case.  The robbery-related charges bear no relation to the drug charges under a "tools of the trade" theory, or any other legally-cognizable nexus.

 Even if the government could somehow get around the misjoinder under Rule 8(a), separate trials would be required in any event because a joint trial would prejudice Pignard under Fed. R. Crim. P. 14.

4

PDF created with pdfFactory trial version www.pdffactory.com

Where the sole basis for joinder of counts is their sameness, as opposed to their connectedness or the existence of a common scheme, the customary justifications of efficiency and economy "largely disappear" and the risks to the defendant are "considerable." Halper, supra, at 430. Here, the government does not even have the "sameness" justification. The potential for prejudice includes that:

> (1) (the defendant) may become embarrassed or confounded in presenting separate defenses; (2) the jury may use the evidence of one of the crimes to infer a criminal disposition on the part of the defendant from which is found his guilt of the other crime or crimes charged; or (3) the jury may cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find. A less tangible, but perhaps equally persuasive, element of prejudice may reside in a latent feeling of hostility engendered by the charging of several crimes as distinct from one.

Drew v. United States, 331 F.2d 85, 88 (D.C. Cir. 1964), quoted in Halper at 430.

Those risks are present here. For example, joinder would require Pignard to defend against a set of robbery-related counts on the one hand and an unrelated drug count on the other hand. Each is based on different facts and, should he testify,

5

PDF created with pdfFactory trial version www.pdffactory.com

would involve totally unrelated direct and cross examinations. Joinder also presents the serious risk that the jurors will view him in a more nefarious light than otherwise and that the prejudicial spillover affect of the jury hearing about unrelated criminal charges will unfairly increase the risk of a conviction on all transactions.

## CONCLUSION

> FOR THE REASONS SET FORTH HEREIN, THE RELIEF SOUGHT IN DEFENDANT'S NOTICE OF MOTION SHOULD BE GRANTED

Dated:   White Plains, New York
         February 28, 2007


                                    Yours, etc.,

                                    s/ Theodore S. Green
                                    _____
                                    THEODORE S. GREEN    TG 1884
                                    *Attorney for Defendant*
                                    GREEN & WILLSTATTER
                                    200 Mamaroneck Ave., Suite 403
                                    White Plains, New York 10601
                                    (914) 948-5656

TO:  JOHN P. COLLINS, JR. ESQ.
     Assistant U.S. Attorney
     300 Quarropas Street
     White Plains, New York   10601

6

PDF created with pdfFactory trial version www.pdffactory.com