```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #  _____
DATE FILED: _____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————x

UNITED STATES OF AMERICA,

    -against-

                                      S1 06 Cr. 718 (CM)

HURGENES PIGNARD,

    Defendant.
————————————————————x

## DECISION GRANTING DEFENDANT'S SEVERANCE MOTION

On August 23, 2006, indictment (06 Cr. 718) was filed charging defendant with attempted bank robbery and firearms charges. Count One charged the defendant with engaging in a conspiracy from February 2005 through April 2005 to commit bank robbery and armed bank robbery, in violation of Title 18, United States Code, Section 371. Count Two charged the defendant with the February 3, 2005 attempted armed bank robbery of the Charter One Bank in Spring Valley, New York, in violation of Title 18, United States Code, Section 2113(a) & (d). Count Three charged the defendant with the April 20, 2005 attempted bank robbery of the First National Bank of Jeffersonville in Loch Sheldrake, New York, in violation of Title 18, United States Code, Section 2113(a). Count Four charged the defendant with possessing a firearm in furtherance of the April 20, 2005 attempted bank robbery, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

On February 28, 2007, defendant was arraigned on a superceding indictment S1 06 Cr. 718. The first four counts of the superseding indictment essentially track counts one through four of the original indictment. However, the superseding indictment adds a fifth count alleging that, on August 24, 2006 (more than fifteen months after the last charged bank robbery), the defendant "intentionally and knowingly did distribute and possess with intent to distribute a controlled substance, to wit mixtures and substances containing a detectable amount of cocaine," a violation of Title 21, United States Code, Sections 812, 841(a)(1) and (b)(1)(C).

Count five alleges that defendant possessed a certain amount of cocaine on the day of his arrest. According to the Government, defendant threw a bag containing cocaine out of his bedroom window as federal agents were entering his apartment to execute a federal arrest warrant for his participation in the bank robbery conspiracy. After observing defendant throw the cocaine from defendant's bedroom window, local law enforcement secured a state search warrant for defendant's apartment, searched the apartment and seized, inter alia, an additional amount of cocaine.[1]

---

[1] Defendant previously filed a motion to suppress the evidence seized pursuant to the state search warrant. That motion was denied in a written decision dated February 2, 2007; prior to the filing of the superseding indictment adding the cocaine conspiracy charge. In the absence

Defendant moves to sever the narcotics charge based on the ground that the drug charges bear no relation to the bank robbery charges. Defendant argues that severance is warranted under Fed. R. Crim. P. 8 (a) and Fed. R. Crim. P. 14. The Government opposes the motion.

Fed. R. Crim. P. 8(a) states:

The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed R. Crim P. 14 states:

If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

The Government argues that "the proof at trial will establish that the defendant's status as a drug dealer – specifically a cocaine dealer – is inextricably intertwined with the bank robbery conspiracy." According to the Government, "the trial testimony will establish that a portion of the bank robbery proceeds were given to Pignard, who agreed to invest those monies in his drug dealing business and that his drug dealing business consisted of buying and selling cocaine at a profit." The Government further argues that, "the fact that fifteen months elapsed between the end of the bank robbery conspiracy charged in the Indictment and the defendant's arrest affects the weight of the evidence rather than the relevancy of such proof." (Gov't. Letter Memo dated 3/7/07).

Count five meets none of the requirements of Rule 8(a). The charged bank robbery conspiracy and the charged drug conspiracy are (1) not similar in character; (2) not based on the same act or transaction and (3) because of the fifteen month time lapse between the last bank robbery and the seizure of the narcotics, so temporally attenuated that the two conspiracies cannot be said to be connected with or constitute parts of a common scheme or plan. Contrary to the Government's conclusory assertion, the fact that the charged bank robbery conspiracy ended fifteen months prior to the *charged* drug conspiracy is of critical importance to

---

of any relevance of the cocaine evidence to the bank robbery conspiracy, the Court noted in its decision that "Nothing in this opinion should be read as constituting a final ruling on the admissibility of the [seized] evidence of narcotics dealing." At the time, the Court and defendant both assumed that the Government would seek to introduce this evidence pursuant to Fed. R. Civ. P. 404(b). Instead, it superceded and charged defendant with a federal narcotics offense.

the Court in deciding whether there is a sufficient nexus between the two conspiracies to justify charging them in one indictment. Accordingly, Count five is – for purposes of the August 16, 2007 trial – severed from the present indictment. As I indicated at the last pre-trial conference, the charges in the original indictment will be tried first – on April 16, 2007 – and we will schedule a separate trial on the narcotics charge at a later date.

I do agree with the Government that evidence that Pignard was engaged in the purchase and resale of cocaine *at or about the time of the bank robberies* that are the subject of the original indictment would be relevant under Fed R. Evid. 404(b) to demonstrate defendant's motive for robbing the banks. However, the evidence seized pursuant to the search warrant does not so qualify. If the Government's fall-back position was to move to admit this evidence pursuant to Rule 404(b), it should not bother; the evidence will not be admitted for any purpose at the bank robbery trial (except, of course, if it should become relevant as impeachment evidence should the defendant take the stand).

This constitutes the decision and order of the Court.

March 14, 2007

_____
U.S.D.J.


BY FAX TO:

John P. Collins, Jr.
Assistant United States Attorney

Theodore S. Green
200 Mamaroneck Avenue
White Plains, NY 10601

3