UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

UNITED STATES OF AMERICA,

-against-

S1 06 Cr. 718 (CM)

HURGENES PIGNARD,

Defendant.
_____x

### DECISION DENYING REQUEST FOR AN ADJOURNMENT OF TRIAL

On August 23, 2006, indictment (06 Cr. 718) was filed charging defendant with attempted bank robbery and firearms charges. On February 28, 2007, defendant was arraigned on a superceding indictment (S1 06 Cr. 718), which added a narcotics charge. Pretrial motions have been decided, and the matter is scheduled for trial on April 16, 2007.

A word is in order about how the trial date was set: the court originally set a trial date of April 9, 2007. The government sought an adjournment because one of the Assistant United States Attorneys who was scheduled to try the case, had a commitment to teach at a Department of Justice school during the week of April 9. The court proposed a date in late May, but the defendant, who is incarcerated, demurred; his counsel indicated that he wanted as prompt a trial as possible. The court made several schedule changes and set the matter for April 16.

Mr. Pignard was originally represented by Michael Keesee, a member of this court's Criminal Justice Act panel ("CJA"). Mr. Pignard wrote to the Court early on and asked that another attorney be appointed to represent him. On October 16, 2006, the Court relieved Mr. Keesee in favor of Theodore Green, another of this court's fine CJA attorneys.

Mr. Green's representation of defendant has been excellent. He succeeded in persuading the court to sever the recently-filed narcotics charge from the bank robbery/weapons charges.

Now, three weeks prior to the trial date on which he insisted, the court has received a notice of appearance and a letter from a William A. Gerard, who states that defendant's family wishes to retain him to represent Mr. Pignard at trial. In that letter, which is dated March 23, 2007, Mr Gerard seeks an adjournment of the April 16 trial so that he can handle a civil case in Rockland County, New York, during that period.

In reliance on Mr. Pignard's insistence on having his case tried in April, the Government has already made arrangements for large number of witnesses to come to White Plains during the last two weeks of the month. The other Assistant on the case has scheduled a trip to China, purchasing

non-refundable tickets, for the second half of when the court originally tried to schedule the trial. The court has filled its calendar for June and July with other trials.

Mr. Gerard is welcome to step in and try this case, provided he can do so on April 16, the date I set at defendant's insistence. Although the bank robbery charges facing Mr. Pignard are extremely serious, the allegations are straight forward, and there is sufficient time for Mr. Gerard to prepare for trial. The court will be happy to help Mr. Gerard obtain an adjournment of his state case; my state court colleagues are well aware that criminal cases take precedence over civil matters and I have always enjoyed their complete cooperation in cases of calendar conflict.

If Mr. Gerard is unwilling to adjust his civil docket to allow him to handle this incarcerated defendant's criminal trial, Mr. Green (who has not asked to be relieved, and who has not yet been relieved) will try this case as scheduled.

Mr. Gerard should make a decision and notify the court whether he intends to try the case on time by noon tomorrow, March 27, 2007.

There is presently outstanding the Government's motion seeking to introduce certain evidence under F.R.E. 404(b). Defendant's response is due on April 2, 2007.

Dated: March 26, 2007

_[signature]_
U.S.D.J.

BY FAX TO:

John P. Collins, Jr.
Assistant United States Attorney

William A. Gerard
71 Woods Road
Palisades, NY 10964

Theodore S. Green
200 Mamaroneck Avenue
White Plains, NY 10601