```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - x
                                         :
UNITED STATES OF AMERICA                 :
                                         :
         -v-                             :
                                         :
HURGENES PIGNARD,                        :      S1 06 Cr. 718 (CM)
    a/k/a "Hurgens Pignard",             :
    a/k/a "Pop",                         :
    a/k/a "Pops",                        :
                                         :
                    Defendant.           :
                                         :
- - - - - - - - - - - - - - - - - - - - x
```

## GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS

```
                         MICHAEL J. GARCIA
                         United States Attorney for the
                         Southern District of New York

                         Attorney for the United States
                               of America

John P. Collins, Jr.
Cynthia Keeffe Dunne
Assistant United States Attorney

     - Of Counsel -
```

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - -x
                                          :
UNITED STATES OF AMERICA                  :
                                          :
        -v-                               :
                                          :
HURGENES PIGNARD,                         :   S1 06 Cr. 718 (CM)
    a/k/a "Hurgens Pignard",              :
    a/k/a "Pop",                          :
    a/k/a "Pops",                         :
                                          :
                        Defendant.        :
                                          :
- - - - - - - - - - - - - - - - - - - - -x
```

## GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS

The Government respectfully requests, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors. The Court is requested to pursue more detailed questioning at the sidebar or in the robing room if a prospective juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the prospective juror in favor of or against either the Government or the defendant.

A.  The Charges

   1.  This is a criminal case. The defendant, HURGENES PIGNARD, the defendant, has been charged in an Indictment with violating federal laws which I will summarize in a minute. The Indictment was filed by a grand jury sitting in this district.

2. The Indictment is not evidence. It simply contains the charges that the Government is required to prove to the satisfaction of the jury beyond a reasonable doubt. I would like to summarize the charges in this case in order to determine whether there is anything about the nature of this case which may make it difficult or inappropriate for any of you to serve on the jury. The Indictment has four counts. Count One charges that from December 2004 through in or about May 2005, HURGENES PIGNARD, the defendant conspired to commit bank robbery, armed bank robbery and credit union robbery, and that overt acts in furtherance of the conspiracy took place in this district. Count Two charges that on or about February 3, 2005, HURGENES PIGNARD, the defendant attempted to commit an armed bank robbery of the Charter One Bank in Spring Valley, New York, a federally insured bank, and that in committing this robbery a person was assaulted and that lives were put in danger by the use of a dangerous weapon. Count Three charges that on or about April 20, 2005, HURGENES PIGNARD, the defendant attempted to commit a bank robbery of the First National bank of Jeffersonville in Loch Sheldrake, New York, a federally insured bank. Count Four charges that on or about April 20, 2005, HURGENES PIGNARD, the defendant used, carried and possessed a Hi Point .40 caliber semi-automatic pistol in furtherance of the attempted bank robbery of the First National Bank of Jeffersonville.

At the close of the case you will be called upon to render a verdict of guilty or not guilty on the charges in the Indictment. I will give you a copy of the Indictment to take with you when you deliberate.

3. Do any of you believe you have personal knowledge of the events charged in the Indictment as I have described them?

B. <u>Nature of the Charges</u>

4. As you can tell, during the trial, you will hear evidence concerning bank robbery and firearms. Has any juror been involved in an offense involving a robbery, firearms, or other violent crime? Has any juror's relative, close friend, or associate been involved in an offense involving a robbery, firearms, or other violent crime? Has any juror, or any member of a juror's family, or any juror's close friend, had any experiences of any kind, directly or indirectly, with a robbery, firearms, or other violent crime? Does the fact that the charges involve robbery and firearms make it difficult for any of you to render a fair verdict? Do any of you feel that you could not decide fairly and impartially a case involving such charges?

C. <u>Knowledge of the Trial Participants</u>

5. The defendant in this case is HURGENES PIGNARD. [Please ask the defendant to rise.] Do any of you know, or have you had any dealings, directly or indirectly, with the defendant, or with any relative, friend or associate of the defendant?

6. To your knowledge, do any of your relatives, friends, associates, or employers know the defendant?

7. HURGENES PIGNARD is represented by Mr. William Gerard. [Please ask Mr. Gerard to stand.] Do any of you know Mr. Gerard? Have any of you had dealings, either directly or indirectly, with Mr. Gerard or anyone at his firm?

8. The Government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, who is Michael J. Garcia. The conduct of the trial will be in the immediate charge of Assistant United States Attorneys John Collins and Cynthia Keeffe Dunne. They will be assisted by Daniel Conlon, a Special Agent with the Federal Bureau of Investigation. [Please ask Mr. Collins, Ms. Dunne, and Agent Conlon to stand.] Do any of you know Mr. Garcia, Mr. Collins, Ms. Dunne, or Agent Conlon? Have you had any dealings either directly or indirectly with any of these individuals?

9. I will now read a list of names of individuals whose names may be mentioned during the trial, or who may be witnesses in this case. [Names to be provided.] Do any of you know any of these people? Have you had any dealings either directly or indirectly with any of these individuals?

D.  <u>Ability to Render Fair Verdict</u>

10.  The witnesses in this case will include federal agents and local law enforcement personnel. Would any juror be more likely or less likely to believe a witness merely because he or she is a law enforcement officer?

E.  <u>Relationship with the Government</u>

11.  Do any of you know, or have any association -- professional, business, or social, direct or indirect -- with any member of the staff of the United States Attorney's Office for the Southern District of New York or the Federal Bureau of Investigation? Is any member of your family employed by any law enforcement agency, whether federal, state, or local?

12.  Do any of you have any bias, prejudice or other feelings for or against the United States Attorney's Office, or any investigative agencies of the United States Government? Has any juror, either through any experience he or she has had or anything he or she has seen or read, developed any bias or prejudice for or against the United States Attorney's Office, or any investigative agencies of the United States Government?

13.  Have you, or has any member of your family, either as an individual, or in the course of business, ever been a party to any legal action or dispute with the United States, or with any of the officers, departments, agencies, or employees of the United States, including the Internal Revenue Service? Have any

of you had any legal, financial or other interest in any such legal action or dispute, or its outcome? In particular, have you, or has any member of your family, ever had a dispute concerning payment of money owed to you by the Government?

F.  Prior Jury Service

14. Have you ever, at any time, served as a member of a grand jury, whether in federal, state, county or city court? If so, when and where did you serve?

15. Have you ever served as a juror in any court? If so, when, and in what court did you serve, and was it a civil or criminal case? What was the nature of the case? Did the jury reach a verdict?

G.  Experience as a Witness, Defendant, or Crime Victim

16. Have any of you, or any of your relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a Congressional or state legislative committee, licensing authority, or governmental agency? Have you, or any of those close to you, ever been questioned in any matter by a federal, state, or local law enforcement agency?

17. Have you ever been a witness or a complainant in any federal or state prosecution?

18. Are you, or is any member of your family, now under subpoena or, to your knowledge, about to be subpoenaed in any criminal case?

19. Have you, or has any member of your family, any associate or close friend, ever been charged with a crime?

20. Have you, or have any of your relatives, associates, or close friends ever been the subject of any investigation or accusation by any federal or state grand jury, or by any Congressional committee?

21. Have you, or any of your close friends or relatives, ever been a victim of a crime? [As to any juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of each crime.]

H.  Views On Witnesses

22. You may hear the testimony of a witness who pleaded guilty to the crimes charged in the Indictment and has agreed to cooperate with the Government in the hopes that he might receive a lesser sentence. Does any juror believe that he or she would be unable to believe the testimony of a cooperating witness under any circumstances, even if that testimony is supported by other evidence? Does any juror believe that persons should not cooperate with the Government in criminal investigations and trials?

I. <u>Persons Not On Trial</u>

23. The defendant is charged with acting with others, including persons not on trial here. The jury may not draw any inference, favorable or unfavorable, towards the Government or the defendant on trial from that fact. The jury also may not speculate as to the reason why other persons are not on trial. Is there any juror who cannot follow this instruction or who for this reason would have difficulty rendering a fair and impartial verdict?

J. <u>Other Questions</u>

24. Do any of you have problems with your hearing or vision which would prevent you from giving full attention to all of the evidence at this trial?

25. Are any of you taking any medication that would prevent you from giving full attention to all of the evidence at this trial?

26. Do any of you have any difficulty in reading or understanding English in any degree?

27. Do any of you speak Spanish? If so, will you have any difficulty accepting an official court interpreter's translation of testimony by a witness from Spanish to English?

K. <u>Function of the Court and Jury</u>

28. The function of the jury is to decide questions of fact. You are the sole judge of the facts and nothing that the

Court or the lawyers say or do may encroach in any way on your role as the exclusive fact-finder. When it comes to the law, however, you are to take your instructions from the Court, and you are bound by those instructions. You may not substitute your own notions of what the law is, or what you think it should be. At the conclusion of the case, your job will be to determine whether or not the defendant is guilty as charged in the indictment. Does any juror have any bias or prejudice that might prevent or hinder him or her from accepting the instructions of law that I will give you in this case?

        29. Will each of you accept the proposition that the question of punishment is for the Court alone to decide, and that the possible punishment must not enter into your deliberations as to whether the defendant is guilty or innocent?

        30. Will each of you accept the proposition of law that sympathy must not enter into the deliberations of the jurors as to guilt or innocence of the defendant, and that only the evidence produced here in Court may be used by you to determine the guilt or innocence of the defendant?

        31. It is not a particularly pleasant duty to find another individual guilty of committing a crime. Is there any juror who feels that even if the evidence established the defendant's guilt beyond a reasonable doubt, he or she might not

be able to render a guilty verdict for reasons unrelated to the law and the evidence?

32. Does any juror have any religious, philosophical or other belief which would make him or her unable to render a guilty verdict for reasons unrelated to the law or evidence?

33. In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly and impartially in this case, and to render a true and just verdict without fear, favor, sympathy or prejudice, and according to the law as it will be explained to you?

L.  Juror's Background

34. The Government respectfully requests that the Court ask each juror to state the following information:

    a.  the juror's family status;

    b.  the juror's occupation and educational background;

    c.  the name and general location of the juror's employer;

    d.  the period of employment with that employer;

    e.  the same information concerning other employment within the last five years;

        f.    the same information with respect to the juror's spouse and any working children;

        g.    the area in which the juror resides;

        h.    what newspapers and magazines the juror reads and how often;

        i.    what television programs the juror regularly watches; and

        j.    military service.

**M.   Requested Instruction Following Impaneling of the Jury**

35.   From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case. The rule about not discussing the case with others includes discussions even with members of your own family, and your friends. If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk. In this regard, let me explain to you that the attorneys and the defendant in this case are not supposed to talk to jurors, not even to offer a friendly greeting. So if you happen to see any of them outside this courtroom, they will, and should, ignore you. Please do not take offense. They will be acting properly by doing so.

36. In this connection, when the Court is in recess, please stay either in the jury room or somewhere outside the courtroom. Please do not wait in the courtroom.

Dated:   White Plains, New York
         April 2, 2007

                              Respectfully submitted,

                              MICHAEL J. GARCIA
                              United States Attorney for the
                              Southern District of New York

                         By: _____
                              JOHN P. COLLINS, JR.
                              Assistant United States Attorney
                              Telephone: (914) 993-1919

CERTIFICATE OF SERVICE

JOHN P. COLLINS, JR., deposes and says that he is employed in the Office of the United States Attorney for the Southern District of New York.

That on April 2, 2007, he served a copy of the attached Government's Proposed Examination of Prospective Jurors by United States Mail, on:

> William A. Gerard, Esq.
> P.O. Box 717
> Palisades, NY 10964-0717

I declare under penalty of perjury that the foregoing is true and correct.  28 U.S.C. Section 1746.

Dated:  White Plains, New York
        April 2, 2007


JOHN P. COLLINS, JR.