**WILLIAM A. GERARD, ESQ.**
Phone (845) 365-3121
Fax (845) 365-4036

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED:

April 1, 2007

Hon. Colleen McMahon
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, N.Y.  10601

Re:   <u>U.S. v HURGENS PIGNARD</u>
      Superseding Indictment No.:  S1 06 Cr. 718 (CM)
      **Response to Government's request to introduce evidence of uncharged criminal conduct**

Dear Judge McMahon:

This letter is written to respond to the Government's request to introduce evidence of uncharged criminal conduct. Specifically, the Government seeks to introduce evidence that the defendant participated in an uncharged robbery of a check cashing establishment with Regis and Lindsey in December, 2004.

The proffer is misleading in that the Government talks about what they intend to prove and why, while carefully avoiding the issue of how they intend to prove the proffered facts.

In determining the admissibility of this purported evidence, this Court should consider that as to the charged offenses, the Government's evidence is expected to come almost exclusively from cooperators, and it is not anticipated that there will be any evidence to directly connect the defendant to any of the robberies, charged or uncharged.

Concerning the evidence of the defendant's alleged participation in the 2004 check cashing robbery, it is reasonable to assume that the only source is the testimony of

1

Lindsey, who is also expected to implicate the defendant in the other three charged robberies.

In deciding whether the danger of undue prejudice is outweighed by the probative value of the proffered evidence, it is submitted that this Court should consider the lack of other evidence directly connecting the defendant to any of the charged and uncharged crimes. Clearly, in evaluating probative value, the fact that the only source is a cooperator is significant, because of the inherent taint that accompanies such testimony. It should also be recognized that the evidence that will be relied on to establish the defendant's participation in the 2004 check cashing robbery is insufficient under state law to convict.

The issue at trial is whether the defendant can be found guilty of the charged robberies based on the testimony of cooperators, and the fact that the uncharged crime evidence comes from the same tainted source, diminishes its probative value to the point where the danger of undue prejudice is manifest.

If there were reliable evidence that showed conclusively that the defendant participated in the 2004 check cashing robbery, the situation would be entirely different, and the discussion would turn to whether his proven involvement was somehow necessary to show: 1) the development of the illegal relationship; 2) the mutual trust that existed; 3) the criminal undertaking and the pattern of joint criminal activity; 4) the complete story of the crimes. In such a case, the proffered evidence would still be objectionable, because there is no real need to establish these elements, considering that they are quite adequately established if the jury believes the cooperator testimony that the defendant participated in the series of crimes actually charged.

In essence, the Government seeks to bolster its case and introduce evidence of criminal propensity by relying exclusively on the tainted testimony of cooperators in a case where there is no need to go beyond the charged offenses to establish the conspiratorial elements listed above, raising a question the admissibility of such evidence under Fed. R. Evid. 403.

Research indicates that the Notes of the Advisory Committee on the 1991 amendment to Rule 404(b) suggest that when faced with such a proffer, the Court may require the

Government to disclose the specifics of the evidence and in this instance, it is submitted that the Government should be required to disclose how they will establish the defendant's participation in the uncharged crime. If it turns out that the only source of the uncharged crime evidence is the cooperating witness, then the Court should deny the Government's request.

Thank you for your consideration of this matter.

                                 Very truly yours,

                                 William A. Gerard (5062)

John Collins, Esq.
Cynthia Dunne, Esq.
Assistant U.S. Attorneys

PLEASE REPLY TO THE FOLLOWING ADDRESS:
71 Woods Rd., P.O. Box 717, Palisades, N.Y. 10964