

U.S. Department of Justice

**United States Attorney**
**Southern District of New York**

_____

United States Courthouse
300 Quarropas Street
New York, New York 10601

October 3, 2007

The Honorable Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/10/07

      Re:    **United States v. Hurgenes Pignard**
             **S 06 Cr. 718 (CM)**

Dear Judge McMahon:

        The Government writes in response to the defendant's September 30, 2007 sentencing memorandum.* In the memorandum, Pignard argues: (1) that his offense level should not be enhanced by five levels because a firearm was possessed in connection with the First National Bank of Jeffersonville attempted bank robbery; (2) that his offense level should be decreased by four levels because he was a minimal participant; and (3) that his conviction for shoplifting in New Jersey should not receive one criminal history point. All of his arguments are meritless and must be rejected.

        First, Pignard argues that his sentence should not be enhanced pursuant to Section 2B3.1(b)(2)(C) for the firearm that was recovered behind the victim's house in Loch Sheldrake, New York. Pignard's argument is premised on the ground that since the jury acquitted him on Count Four there is no basis for this enhancement. Pignard's argument is incorrect. The law is clear that at sentencing, "district courts remain statutorily obliged to calculate Guidelines ranges in the same manner as before Booker and to find facts relevant to sentencing by a preponderance of the evidence." United States v. Vaughn, 430 F.3d 518, 526-27 (2d Cir. 2005).

        Here, the evidence at trial clearly proved by far more than a preponderance of the evidence that Pignard knew that a gun was present and meant to be used during the attempted bank robbery. Pignard drove with his good friend Richard Regis to the Sullivan Community College parking lot. The bag containing not only the .40 caliber firearm but also the pellet guns, plastic cuffs and other items for the robbery was with them in that van. The evidence also showed that the

_____

        * The Government received Pignard's sentencing memorandum on the afternoon of October 2, 2007.

The Honorable Colleen McMahon
October 3, 2007
Page 2

conspirators opened the bag in Pignard's van and removed many of the contents as they prepared for the bank robbery. Then, Pignard drove Regis, Lindsay and Bussey – along with the bag containing the gun – to the victim's house.

In addition, it was also reasonably foreseeable to Pignard that one of the other robbers would possess a firearm to accomplish the offense. Under the relevant conduct principles of Guidelines, see § 1B1.3(a)(1)(B), all "reasonably foreseeable acts and omissions of others" in furtherance of the conspiracy may be taken into account to determine a defendant's sentence. See United States v. Medina, 74 F.3d 413, 415 (2d Cir. 1996). Here, the firearm was possessed in furtherance of the conspiracy and this action was reasonably foreseeable to Pignard. See United States v. Molina, 106 F.3d 1118, 1121 (2d Cir. 1997). Even assuming the facts that Pignard posits, it is reasonably foreseeable to one who lends his car to be used in a bank robbery that the robbers will be using guns in order to commit the robbery. As a result, Pignard's argument that the enhancement under Section 2B3.1(b)(2)C) should not be applied to his offense level must fail.

Second, Pignard was not a minimal participant in either the attempted bank robbery of the First National Bank of Jeffersonville or the credit union robbery of the Palisades Federal Credit Union." Section 3B1.2 of the Sentencing Guidelines provides for a four-level downward adjustment if the defendant was a "minimal participant" in criminal activity. The commentary to the Guidelines provides that a "minimal role" adjustment applies to a defendant who is "plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.2, comment. (n.1). "Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant." Id. The Guidelines make clear that the "minimal role" adjustment should be used "infrequently." Id. § 3B1.2, comment. (n.2); see also United States v. Lopez, 937 F.2d 716, 727 (2d Cir.1991).

Nothing about Pignard's role was minor or minimal. The evidence is clear that Pignard helped to plan each of the robberies and surveilled the institutions with his fellow robbers. The fact that Pignard drove the three robbers to initially break into the victim's house in Loch Sheldrake or that Pignard was outside of the Palisades Credit Union communicating with the robbers inside does not entitle him to a mitigating role adjustment. In each robbery, Pignard's role was critical to the success of their enterprise. See United States v. Lowery, 60 F.3d 1199 (6th Cir. 1995) (defendant was not a minor participant even though she had not used a weapon or entered the bank).

Third, the PSR properly assigns one criminal point for Pignard's 1996 shoplifting conviction in New Jersey. (PSR ¶ 90). Pignard's argument that his shoplifting conviction should not

---

In its September 28, 2007 letter, the Government also argued that this court should include the RIA robbery and the attempted bank robbery of the Charter One in Pignard's offense conduct. The evidence is clear that Pignard is not entitled to a mitigating role adjustment for either of those crimes as well.

The Honorable Colleen McMahon
October 3, 2007
Page 3

be counted because it is similar to the offenses listed in Section 4A1.2(c)(1) is foreclosed by the
Court of Appeals' opinion in United States v. Ubiera, 486 F.3d 71 (2d Cir. 2007). In Ubiera, the
Second Circuit rejected the argument that a defendant's New Jersey shoplifting conviction should
not be assigned one criminal history point because it was similar to an "insufficient funds check"
offense – an offense which is excluded from computation under Section 4A1.2(c)(1), id. at 74,
because it is a "trespassory offense" and has "insidious collateral impacts on the public as a whole."
Id. at 76.

       Therefore, Pignard's arguments that: (1) his offense level should not be enhanced by
five levels because a firearm was possessed in connection with the First National Bank of
Jeffersonville attempted bank robbery; (2) his offense level should be decreased by four levels
because he was a minimal participant; and (3) his conviction for shoplifting in New Jersey should
not receive one criminal history point, are meritless and must be rejected.

                    Respectfully submitted,

                    MICHAEL J. GARCIA
                    United States Attorney

                    By:_____
                    JOHN P. COLLINS, JR
                    Assistant United States Attorney
                    (914) 993-1919

cc:     William Gerard, Esq. (by facsimile)